**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**SERFIDO TRINIDAD PEREZ FLORIAN,**<br><br>*Defendant.* | Criminal No. 11-00078-02 (CKK) |
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**VAHELO ALAY ESCOBAR,**<br><br>*Defendant.* | Criminal No. 11-00078-03 (CKK) |
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ESTANISLAO RAMOS PEREZ,**<br><br>*Defendant.* | Criminal No. 11-00078-04 (CKK) |
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**EDGAR GEOVANI PEREZ-SUNIGA,**<br><br>*Defendant.* | Criminal No. 11-00078-06 (CKK) |

**MEMORANDUM ORDER**
(April 27, 2011)

On April 15, 2011, the Government filed a [11] Motion to Dismiss the Indictment

(2)

Without Prejudice against four of the six individuals named in the March 17, 2011 [5] Indictment in this criminal action: (a) Serfido Trinidad Perez Florian; (b) Vahelo Alay Escobar; (c) Estanislao Ramos Perez;[1] and (d) Edgar Geovani Perez-Suniga (collectively, the "Four Defendants"). The Four Defendants opposed the Government's motion, with the focus of the parties' dispute being whether the Indictment should be dismissed against them with or without prejudice. During a Status Hearing held on April 26, 2011, the Court heard additional argument from the parties and orally granted the Government's motion, dismissing the Indictment against each of the Four Defendants *without* prejudice, with a written order to follow. This is that written order.

## I. BACKGROUND

On March 17, 2011, the Government filed an [5] Indictment in this criminal action against the Four Defendants, as well as two other defendants who are not subject to the pending motion—namely, Luis Lopez and Jose Martin Ruis-Cacho. Distilled to its essence, the Indictment alleges that the defendants conspired to commit an armed robbery of a Wachovia Bank in Horsham, Pennsylvania in early March 2011. The defendants were all arraigned in this Court on March 30, 2011, each entering a plea of not guilty. *See* Min. Orders (Mar. 30, 2011).

On April 8, 2011, a Criminal Complaint was filed against the Four Defendants in the United States District Court for the Eastern District of Virginia (the "Virginia district court"). *See* Criminal Compl., *United States v. Perez-Suniga et al.*, 11-mj-00289 (TCB) (E.D. Va. Apr. 8, 2011), ECF No. [1]. Messrs. Lopez and Ruis-Cacho are not named in the Criminal Complaint.

---

[1] Mr. Ramos Perez is also known as Armando Palma Alonzo, and is identified under both names in the [5] Indictment. By agreement, he is being referred to primarily as Estanislao Ramos Perez in this action. *See* Min. Order (Mar. 30, 2011).

In the Criminal Complaint, the Four Defendants, meanwhile, are charged with a conspiracy in which they are alleged to have committed four separate armed robberies in the Commonwealth of Virginia and to have planned an armed robbery of a drug dealer in the District of Columbia. *See* Aff. in Supp. of a Criminal Compl., *United States v. Perez-Suniga et al.*, 11-mj-00289 (TCB) (E.D. Va. Apr. 8, 2011), ECF No. [3]. The Four Defendants are also charged with a conspiracy to commit the same planned robbery of the Wachovia Bank in Horsham, Pennsylvania that is the subject of the criminal action before this Court. *See id.*

On April 15, 2011, citing this intervening development, the Government filed a [11] Motion to Dismiss the Indictment Without Prejudice against the Four Defendants, contending that these individuals would be better suited for prosecution in the Virginia district court and therefore requesting the Court's leave to dismiss the Indictment against them without prejudice. On April 20, 2011, each of the Four Defendants filed a written opposition. *See* ECF Nos. [12]- [15]. On April 25, 2011, the Government filed its reply.[2] *See* ECF No. [18].

On April 26, 2011, the Court held a Status Hearing. *See* Min. Order (Apr. 26, 2011). The Four Defendants were each present and represented by counsel. Also present was a Spanish-language interpreter. After affording each of the parties an opportunity to elaborate upon and raise any additional arguments pertaining to the Government's Motion to Dismiss the Indictment Without Prejudice, the Court orally granted the Government's motion in its entirety, dismissing the Indictment *without* prejudice as to each of the Four Defendants, with a written order to

---

[2] Because the Government's motion was filed shortly before a previously scheduled Status Hearing, the Court set a somewhat expedited briefing schedule, which spanned a holiday weekend. *See* Min. Order (Apr. 15, 2011); Min. Order (Apr. 21, 2011). The Government sought a *de minimis* extension of time to finalize its reply, as to which no opposition has been filed.

follow.

## II. LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, the "government may, with leave of the

court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The discretion

of whether to dismiss an indictment, and whether to dismiss it with or without prejudice, lies in

the first instance with the prosecutor. Because that discretion implicates the constitutional

doctrine of separation of powers, the district court's role in reviewing the prosecutor's exercise of

its discretion is limited. *United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000). "[T]he

court does not have primary responsibility, but rather the role of guarding against abuse of

prosecutorial discretion." *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973).

In this case, the locus of the parties' dispute is not the prosecutor's discretion to dismiss

an indictment *per se*, but rather the prosecutor's discretion to dismiss an indictment without

prejudice. Generally speaking, there is a strong presumption in favor of a dismissal without

prejudice over one with prejudice. *United States v. Poindexter*, 719 F. Supp 6, 10 (D.D.C. 1989).

Where, as here, the dismissal does not arise from a constitutional violation, dismissal is normally

without prejudice. *United States v. Simmons*, 536 F.2d 827, 833 (9th Cir.), *cert. denied*, 429 U.S.

854 (1976). Nonetheless, in exceptional circumstances, the district court may deny the

prosecutor leave to dismiss an indictment without prejudice. *Poindexter*, 719 F. Supp. at 10. As

the case law makes clear, this will rarely be appropriate.

When the prosecutor's discretion is challenged, the prosecutor has the initial burden of

explaining that a dismissal without prejudice would be in the public interest. *United States v.*

*James*, 861 F. Supp. 151, 155 (D.D.C. 1994). Once the prosecutor has discharged that threshold

burden, its decision is presumptively valid and the district court may not substitute its judgment

for that of the prosecutor even if it might have reached a different conclusion were it presented

with the issue in the first instance. *See Poindexter*, 719 F. Supp. at 10; *United States v. Dyal*, 868

F.2d 424, 428 (11th Cir. 1989). In order to set aside this presumption of validity, the district court

must conclude that a dismissal without prejudice "would result in harassment of the defendant or

would otherwise be contrary to the manifest public interest." *Poindexter*, 719 F. Supp. at 10.

Stated somewhat differently, "[t]he presumption that the prosecutor is the best judge of the

public interest is rebutted when the motion to dismiss contravenes the public interest because it is

not made in good faith." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). In

conducting its analysis, the district court should consider "the purpose sought to be achieved by

the government and its effect on the accused," *Poindexter*, 719 F. Supp. at 10, bearing in mind

that a dismissal with prejudice may "override the . . . public interest in the enforcement of the

criminal law," *Goodson*, 204 F.3d at 514.

## III. DISCUSSION

In this case, the Government has discharged its initial burden of explaining that a dismissal

without prejudice would be in the public interest. Specifically, the Government explains that it

seeks to dismiss the Indictment in the instant action against the Four Defendants *without*

prejudice in order to allow for their prosecution in the Virginia district court for, *inter alia*, the

criminal conduct that is the subject of the instant action. According the Government, such an

approach would promote judicial economy and preserve scarce prosecutorial, defense, and

investigative resources given the respective scope of the two actions and the implications of

venue and jurisdictional limitations. Simply put, whereas the instant action is focused on the

alleged conspiracy to commit an armed robbery of the Wachovia Bank in Horsham,

Pennsylvania, the Criminal Complaint before the Virginia district court is not so limited,

encompassing both the same alleged conspiracy as well as all the alleged additional criminal

conduct occurring in Virginia. In other words, the Four Defendants can be charged for the

totality of their alleged criminal conduct in the Virginia district court, something that is not true

of the instant action. Viewed from a slightly different perspective, were the Court to reject the

Government's request and require it to choose between dismissing the Indictment *with* prejudice

and proceeding against the Four Defendants before this Court, the result could very well be a

splitting of the charges against the Four Defendants in two concurrent criminal actions—one in

this Court concerning the alleged conspiracy to commit an armed robbery in Horsham,

Pennsylvania, and a second in the Virginia district court concerning the alleged criminal conduct

occurring in that jurisdiction. The Court finds that the Government's proffered rationale is a

legitimate one, thereby triggering the presumption that its decision is valid and that it has

exercised its prosecutorial discretion in good faith.[3] The Court therefore turns to the question of

whether this case presents one of those rare cases where it would be appropriate for the Court to

intervene and override the presumption that the prosecutor is the best judge of the public interest.

For their part, the Four Defendants have tendered a series of related arguments in support

---

[3] Meanwhile, while not dispositive in the Court's analysis, the Court is mindful that a dismissal *with* prejudice in this action could very well raise issues about the ability of the Government to pursue certain charges against the Four Defendants in the Virginia district court. There is at least some indication that a dismissal with prejudice might undermine the ability of the Government to achieve the very purpose sought by the dismissal of the Indictment in this action—namely, to prosecute the Four Defendants for the totality of their alleged criminal conduct in a single jurisdiction.

of their position that the Indictment should only be dismissed against them *with* prejudice.[4]

Whether considered collectively or independently, their arguments are insufficient to overcome

the presumption that the Government has exercised its prosecutorial discretion in good faith.

First, the Four Defendants have argued most forcefully that permitting the Government to

dismiss the Indictment against them *without* prejudice would not protect them from future

prosecutorial harassment—namely, the prospect that they might at some unspecified point in the

future be re-indicted in this Court. While the abuse of prosecutorial discretion may warrant

denying leave to dismiss an indictment without prejudice, there is no evidence of such abuse in

this case. The Government has expressly disavowed any present intention to pursue criminal

charges against the Four Defendants in this jurisdiction; rather, the Government has consistently

maintained that its intention is to pursue the full gamut of available criminal charges against the

Four Defendants in the Virginia district court. The mere fact that a dismissal without prejudice

leaves the door open to hypothetical future prosecution in this jurisdiction is not tantamount to

prosecutorial harassment; were that the case, it is difficult to imagine when dismissal without

prejudice would ever be appropriate. Plainly, this is not the law; the case law is clear that there is

a presumption in favor of a dismissal without prejudice over a dismissal with prejudice.

Moreover, a dismissal without prejudice in this action does not mean that the Four Defendants

must suffer an indefinite future of uncertainty over the status of this action. A Criminal

Complaint has already been filed in the Virginia district court and the Government must proceed

in that action; once jeopardy attaches in that court on the charges at issue in this action, that is the

---

[4] While the Four Defendants have each provided separate reasons for opposing the Government's motion, the Court shall discuss those reasons collectively for purposes of convenience.

end of the matter in this Court. Furthermore, in order to provide the Four Defendants with added peace of mind, the Government has represented that it would be prepared to request that the dismissal against the Four Defendants in this action be converted from one without prejudice to one with prejudice once jeopardy attaches in the Virginia district court.

Second, the Four Defendants contend that a dismissal *with* prejudice would prevent the Government from "parking" this action in another jurisdiction in order to avoid the strictures of the Speedy Trial Act. The contention is entirely speculative; they have expressly conceded that there is nothing in the record to suggest that the Government has sought to "park" them in one jurisdiction in order to secure a strategic advantage in another. Indeed, the Government has moved fairly swiftly in prosecuting the instant action, which remains in its early stages, and the Four Defendants previously consented to a continuance of their Speedy Trial Rights in this action in order to review the extensive discovery produced by the Government. While a prosecutor's attempt to circumvent the requirements of the Speedy Trial Act through the mechanism of a dismissal without prejudice may in some circumstances justify denying leave to dismiss an indictment without prejudice, this is not such a case. The Four Defendants' conjecture does not suffice to rebut the presumption of validity and good faith accorded to the Government's decision.

Third, the Four Defendants complain that there is no factual or legal rationale for the Government to request that the Indictment in this action be dismissed against them while Messrs. Lopez and Ruis-Cacho remain to be prosecuted before this Court. The Government's rejoinder is simple and persuasive—Messrs. Lopez and Ruis-Cacho have not been implicated in the alleged additional criminal conduct occurring in Virginia and, as a result, have not been named in the

Criminal Complaint in the Virginia district court.

In sum, the Four Defendants have failed to establish the sort of extraordinary circumstances that would justify setting aside the presumption that the Government in this case has exercised its prosecutorial discretion in good faith and in the public interest. The Government has explained why it seeks a dismissal without prejudice, and there is no evidence that it is acting in bad faith or has otherwise abused its prosecutorial discretion. Therefore, the Court concludes that a dismissal without prejudice is appropriate.

## IV. CONCLUSION

For the reasons set forth above, it is, this 27th day of April, 2011, hereby

**ORDERED** that the Government's [11] Motion to Dismiss the Indictment Without Prejudice is GRANTED and the [5] Indictment is DISMISSED WITHOUT PREJUDICE against Serfido Trinidad Perez Florian (2), Vahelo Alay Escobar (3), Estanislao Ramos Perez (4), and Edgar Geovani Perez-Suniga (6); and it is further

**ORDERED** that the Government's [16] Motion for Extension of Time to File is GRANTED *nunc pro tunc*—the Government's [18] Omnibus Reply to the Defendants' Responses and Opposition to the Government's Motion to Dismiss the Indictment Without Prejudice is deemed to be timely filed.

**SO ORDERED.**

**COLLEEN KOLLAR-KOTELLY**
United States District Judge

9